Case 4:18-cv-03802   Document 22   Filed on 03/26/20 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL B. MARINO, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-3802 |
| § | |
| U.S. BANK NAT'L ASS'N, AS SUCCESSOR § | |
| BY MERGER OF U.S. BANK NAT'L ASS'N § | |
| ND, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, U.S. Bank National Association, as successor by merger of U.S. Bank National Association, ND, motion to dismiss and brief in support. (Dkt. No. 14). The plaintiffs, Paul B. Marino and Barbara D. Marino (the "plaintiffs"), have filed a response in opposition to the motion (Dkt. No. 15) and the defendant has filed a reply. (Dkt. No. 16). After having carefully considered the motion, response, reply, the pleadings and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

The plaintiffs originally filed this action against the defendant, Innova Mortgage, LLC, and Texas Nations Title Agency, Inc., on August 30, 2018, in the 281st Judicial District Court of Harris County, Texas, asserting various claims and seeking to quiet title in their favor. Specifically, the plaintiffs assert that the defendant's lien with regard to their real property is void because the statute of limitations governing its right to foreclose has expired and the loan violates Article XVI,

Section 50(a)(6) of the Texas Constitution. The plaintiffs' claims stem from the defendant's commencement of foreclosure proceedings with respect to their residential property located at 25741 Haven Lake Drive, Tomball, Harris County, Texas 77375 (the "Property"). On October 12, 2018, the defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Prior to filing this action, the plaintiff, Barbara D. Marino, executed a "Texas Home Equity Note" (the "Note") on March 20, 2008, in the principal amount of $760,000. As security for the Note, the plaintiffs executed a "Texas Home Equity Security Instrument" (the "Security Instrument") of even date. The Security Instrument designated U.S. Bank National Association, ND as the lender and Calvin C. Mann, Jr., as the trustee with the "power of sale." In connection with their closing, the plaintiffs were required to execute a sworn Texas Home Equity Affidavit and Agreement (the "Home Equity Affidavit") wherein they, *inter alia*, specifically acknowledged that their loan complied with the Texas Constitution's home equity provisions and further swore to the following, under oath:

    **I.  REPRESENTATIONS AND WARRANTIES:**

. . .

    **J.  The Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative for the Extension of Credit.**

    **K.  The Note and Security Instrument have not been signed before one business day after the date that the owner of the Property received a copy of the loan application if not previously provided and a final itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing or a bona fide emergency or other good cause exists and the owner of the Property hereby consents to the Lender providing or modifying such final itemized disclosure on the date of signing of the Note and Security Instrument and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.**

. . .

> **M.** The Extension of Credit is being closed, that is I am signing the loan documents, at the office of the Lender, an attorney at law, or a title company.
>
> . . .
>
> **Q.** No owner of the Property has signed an instrument in which applicable blanks relating to substantive terms of agreement were left to be filled in. There are no blanks relating to substantive terms of agreement in this Texas Home Equity Affidavit and Agreement, the Note, or the Security Instrument.
>
> . . .
>
> **S.** To the best of my knowledge and belief, all owners of the Property, after receiving a copy of the final loan application and all documents signed by them at closing, will sign a receipt acknowledging the delivery of such copies.

(Dkt. No. 14, Ex. C at 26 – 27.).

The plaintiffs subsequently defaulted on the Note by failing to render payments when due. In fact, they concede that they have not made any payments on the Note since February 2010. In July 2018, the defendant sought to foreclose on the Property, setting a foreclosure sale date of September 4, 2018. Thereafter, the plaintiffs instituted the underlying action seeking to challenge the foreclosure of the Property.

The defendant now moves to dismiss the plaintiffs' lawsuit for failure to state a claim.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also*

*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**IV.   ANALYSIS AND DISCUSSION**

**A. The Plaintiffs' Claim for Violations of Article XVI, § 50(a)(6) of Texas Constitution**

As a threshold matter, the defendant seeks a dismissal of the plaintiffs' claims for violations of Article XVI, § 50(a)(6) of Texas Constitution. The plaintiffs assert that the loan is void because the defendant and/or its agents ignored many of the requirements mandated by the home equity provisions of the Texas Constitution, namely that: (1) the loan documents be signed at the office of the lender, an attorney or title company; (2) disclosures in connection with the loan be provided by the lender at least 12 days before closing; (3) the Note and Security Instrument have not been signed before one business day after the date the property owner received a copy of the loan

5

application; and (4) the property owner has signed an instrument in which blanks relating to substantive terms were left to be filled in. (*See* Dkt. No. 1, Ex. D-1 at 4 – 5.).

"Various courts have held that a borrower's sworn statements at closing . . . are conclusive on issues of compliance with the Constitution's home equity provisions, regardless of later allegations that the statements were false." *Inge v. Bank of Am., N.A.*, No. 4:17-CV-705-ALM-CAN, 2018 WL 4224918, at *14 (E.D. Tex. July 19, 2018) (citing *Summers*, 2012 WL 5944943, *9; *Erickson v. Wells Fargo Bank, N.A.*, 2012 WL 4434740, *7-8 (W.D. Tex. Sept. 24, 2012); *Sierra v. Ocwen Loan Servicing, LLC*, CIV.A. H-10-4984, 2012 WL 527940, at *4 – 5 (S.D. Tex. Feb. 16, 2012)). Indeed, in light of the plaintiffs' sworn statements contained in the Home Equity Affidavit, the defendant's motion to dismiss the plaintiffs' alleged constitution violations should be granted.

**B. The Plaintiffs' Claim that the Statute of Limitations Bars Any Power of Sale**

Next, the defendant moves to dismiss the plaintiffs' claim that the applicable four-year statute of limitations bars it from foreclosing on the Property. Specifically, the plaintiffs assert that the defendant's right to foreclose on the Property has expired because more than four years has passed since the defendant received a payment from them. (Dkt. No. 1, Ex. D-1 at 5.). The defendant, in opposition, avers that the commencement of the limitations period is not triggered by years of payment delinquency but rather by acceleration.

Under Texas law, a lienholder must foreclose on a real property lien "not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b) ("[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues."); *Clawson v. GMAC Mortg., LLC f/k/a GMAC Mortg. Corp.*, Civil Action No. 3:12–CV–00212, 2013 WL 1948128, at *2 (S.D. Tex. May 9, 2013.). Section 16.035(d) of the Tex. Civ. Prac. & Rem. Code

6

provides that "[o]n the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d). When, such as here, a note is payable in installments and otherwise secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last . . . installment." Tex. Civ. Prac. & Rem. Code § 16.035(e); *see also Callan v. Deutsche Bank Trust Co. Ams.*, 11 F. Supp.3d 761, 767 (S.D. Tex. 2014). Further, where the note or deed of trust contains an optional acceleration clause, the statute of limitations begins to accrue "when the holder actually exercises its option to accelerate." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Acceleration requires a "clear and unambiguous . . . (1) notice of intent to accelerate and (2) notice of acceleration." *Holy Cross*, 44 S.W.3d at 566.

In this case, the plaintiffs merely allege that the limitations period has expired without proffering any suggestion as to when the loan was actually accelerated by the defendant. Since the plaintiffs do not allege that the defendant exercised its option to accelerate the Note more than four years ago, the plaintiffs' statute of limitations claim fails.

### C. The Plaintiff's Claim to Quiet Title

Next, the defendant moves to dismiss the plaintiffs' claim to quiet title. A claim to remove cloud from title also referred to as a suit to clear or quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL

7

2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish [its] superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied)).

In order to prevail on a claim to remove cloud from title or to quiet title, the plaintiffs are required to demonstrate that: (1) they have an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [their] favor, plaintiff[s] 'must allege right, title, or ownership in [themselves] with sufficient certainty to enable the court to see [they] ha[ve] a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans Servicing, L.P.*, No. W–10–CA–00350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff[s] must recover on the strength of [their] title, not the weakness of [their] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.)).

In the case *sub judice*, the plaintiffs' claim to quiet title fails to allege any facts establishing the superiority of their title in relation to the Note and Security Instrument but rather focuses--almost entirely—on the weaknesses of defendant's claim to title. In fact, the plaintiffs neither contest the validity of the Security Instrument nor suggest that their *own* interest is superior to that of the Note and Security Instrument. Instead, they merely attempt to challenge the validity of defendant's claim to title by alleging, albeit in conclusory fashion, that: (1) the liens allegedly

securing loans on their homestead cannot be enforced or foreclosed; (2) all alleged liens claimed by the defendant, its predecessors, or assigns against the Property are void; and (3) all claims by the defendant are time-barred by the applicable statute of limitations. (Dkt. No, 1, Ex. D-1 at 7). Because the plaintiffs do not challenge the validity of the Security Instrument or otherwise claim title superior to that of the foreclosing defendant, they fail to state a claim to quiet title. *See Morlock*, 2013 WL 2422778, at *2 (reasoning that because the plaintiff's challenge to the validity of the assignment of the Deed of Trust simply questions which entity has the authority to enforce the Deed of Trust and does not contest the validity of the Deed of Trust or assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"). Accordingly, the defendant is entitled to a dismissal of the plaintiffs' claim to quiet title.

### D. The Plaintiffs' Claim for Conspiracy

The defendant moves to dismiss the plaintiffs' claim for civil conspiracy, arguing that the plaintiffs have failed to assert a claim. This Court agrees. The plaintiffs allege that the defendant and its agents and/or employees conspired amongst themselves, acted in concert, or independently to deprive the plaintiffs of their rights under the law and under the loan agreements to defraud them. (*See* Dkt. 1, Ex. D-1 at 6.).

"To state a claim for civil conspiracy under Texas law, [p]laintiffs must sufficiently allege the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Breitling v. LNV Corp.*, No. CV 3:15-CV-0703-B, 2015 WL 5896131, at *8 (N.D. Tex. Oct. 5, 2015) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). Here, the plaintiffs have not alleged sufficient facts to support a claim for civil conspiracy. Moreover, to the extent that the plaintiffs attempt to allege that the defendant and its employees

conspired against them, such a claim also fails because the defendant cannot conspire with itself. *See Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *see Elliot v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996) (holding that a corporation cannot, as a matter of law, conspire with itself). Thus, the defendant's motion to dismiss the plaintiffs' civil conspiracy claim should be granted.

### E.     The Plaintiffs' Claim for An Accounting

The defendant moves to dismiss the plaintiff's request for an accounting. The plaintiffs assert that they are entitled to an accounting concerning "the various loans that are the subject of this suit." (Dkt No. 1, Ex. D-1 at 6). "If [p]laintiffs' request for an accounting is a separate, equitable cause of action, it is a proper action 'when the facts and accounts in issue are so complex that adequate relief cannot be contained at law.'" *Watson v. CitiMortgage*, 814 F. Supp.2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11–cv123–D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (internal citations omitted).

The plaintiffs' mere assertion that they are entitled to an accounting is insufficient, as they have not pleaded any grounds from which this Court might infer that the information they seek cannot be obtained through ordinary means such as discovery. Nor have they pleaded any facts to infer that this case is so complex that an adequate remedy at law cannot be obtained. *See, e.g., McLaughlin v. Wells Fargo Bank, N.A.*, 4:12–cv–2658, 2013 WL 5231486, at *6 (S.D. Tex. Sept. 13, 2013) ("Here, there are no allegations that either the facts or the account at issue is complex, or that Plaintiff cannot obtain the accounting information he seeks through discovery. Thus, Plaintiff has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal under Rule 12(b)(6)."(citations omitted)). Therefore, the defendant's motion to dismiss their request for an accounting should be granted.

### F. The Plaintiffs' Usury Claim

Additionally, the defendant seeks a dismissal of the plaintiffs' usury claim. The plaintiffs allege that the defendant charged interest in excess of the contract rate and that it has refused to take payments and/or apply them to principal in an attempt to charge them a usurious rate. (Dkt. No. 1, Ex. D-1 at 6 -7.). "Under Texas law, a usury claim has three elements: '(1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower.'" *Clawson*, 2019 WL 1141526 at *3 (quoting *First Bank v. Tony's Tortilla Factory*, 877 S.W.2d 285, 287 (Tex. 1994)). Since the plaintiffs have failed to allege that they "actually paid under the usurious rate," they have failed to state an essential element of their claim and the defendant is entitled to a dismissal of their claim. *See Johnson v. Citigroup Mortg. Loan Tr. Inc.*, Civil Action No. 5:16-cv-1114-RCL, 2017 WL 3337268, at *13 (W.D. Tex. 2017).

### G. The Plaintiffs' Claims for Declaratory and Injunctive Relief

Finally, the defendant moves to dismiss the plaintiffs' claims for declaratory and injunctive relief. Both declaratory and injunctive relief are forms of relief grounded on underlying claims. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (reasoning that declaratory relief is a procedural device and does not establish any substantive rights or causes of action); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."). Since this Court has determined that the plaintiffs' substantive claims for relief fail, the plaintiffs' claims for declaratory and injunctive relief likewise fail. As such, the defendant is entitled to a dismissal of these claims.

### V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 26th day of March, 2020.

                                            Kenneth M. Hoyt
                                            United States District Judge